# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Benny Ray Roberts,**
**Petitioner Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-0782** (Mercer County 10-C-419)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Benny Ray Roberts's appeal, filed by counsel Ward Morgan, arises from the Circuit Court of Mercer County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on June 6, 2012. Respondent David Ballard, Warden, by counsel Laura Young, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in October of 2008, petitioner was convicted on one charge of first degree murder and sentenced to life in prison, with mercy. Petitioner subsequently petitioned for a writ of habeas corpus in circuit court. Following an omnibus evidentiary hearing in March of 2012, at which petitioner's trial counsel testified, the circuit court entered its forty-nine-page order denying petitioner habeas corpus relief. In his petition before the circuit court, petitioner raised several different arguments. The circuit court denied petitioner habeas corpus relief. On appeal of this order, petitioner presents only one assignment of error.

Petitioner Roberts argues that, because his trial attorneys failed to raise the issue of his mental retardation in their motion to suppress his January 17, 2008, statement, the habeas court abused its discretion by finding that his trial attorneys were not ineffective. In the same vein, petitioner argues that the trial court did not consider petitioner's limited capacity when it entered its suppression order. Petitioner argues that had the issue of his mental retardation been presented to the trial court, it would have suppressed his statements. In response, Respondent Warden asserts that one of petitioner's trial attorneys testified at the omnibus evidentiary hearing that he orally argued that petitioner's mental capacity was a basis to suppress petitioner's statements. Respondent further highlights that the trial court had considered petitioner's psychological evaluation before it entered its suppression order. Under these circumstances, respondent argues that petitioner's trial counsel did not provide ineffective assistance of counsel.

1

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

The following standard is applied to claims concerning ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Our review of the record uncovers no error or abuse of discretion by the habeas court in denying habeas corpus relief to petitioner based on the argument he raises on appeal. Petitioner's brief on appeal states, "While the [trial] [c]ourt's analysis was sound in regard to the issues put before it, absent from the [c]ourt's consideration was Mr. Roberts'[s] limited intellect." However, our review of the submitted suppression order indicates that the trial court did make findings in this regard. It noted the findings made by petitioner's examining psychologist, whose report provided that, although petitioner has "limited intellectual potential," he clearly possessed the mental competency to stand trial. In the habeas order, which is confirmed by our review of the omnibus evidentiary hearing transcript, the habeas court found that petitioner failed to raise any new arguments concerning the statements he had previously wished to suppress. Further, as argued by Respondent Warden Ballard, the omnibus evidentiary hearing transcript also provides testimony from one of petitioner's trial attorneys explaining that he orally argued the issue of petitioner's mental capacity, rather than in writing. In light of these circumstances and our review of the record submitted on appeal, we find that the habeas court did not err in finding no merit with petitioner's argument that his trial attorneys' performance was deficient.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II